FILED: BRONX COUNTY CLERK 12/23/2020 02:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 35640/2020E
RECEIVED NYSCEF: 12/23/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
INES VALENTIN,

                              *Plaintiff*,

      -against-

DOLLAR TREE STORES, INC.,
                          *Defendant(s)*.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Bronx County as the place of trial.

The basis of venue is:
Place of occurrence

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
          December 23, 2020

*[signature]*

ROBERT L. ROSE, ESQ.
**FREKHTMAN & ASSOCIATES**
*Attorneys for Plaintiff*
*INES VALENTIN*
60 Bay 26th Street,
Brooklyn, New York 11214
Phone No.: (718)-331-7700
Fax: (718) 232-7967

TO:

DOLLAR TREE STORES, INC. – via Secretary of State;

1 of 8

FILED: BRONX COUNTY CLERK 12/23/2020 02:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 35640/2020E
RECEIVED NYSCEF: 12/23/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
INES VALENTIN,

                      *Plaintiff*,

    -against-

DOLLAR TREE STORES, INC.,

                    *Defendant(s)*.
-----------------------------------------------------------------X

Index No.:

Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, **INES VALENTIN**, by her attorneys, **FREKHMAN & ASSOCIATES**, complaining of the Defendant, **DOLLAR TREE STORES, INC.**, respectfully alleges, upon information and belief:

1. That at the time of the commencement of this action, Plaintiff, **INES VALENTIN**, resided in the County of Bronx, City and State of New York.

2. That the cause of action alleged herein arose in the County of Bronx, City and State of New York.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at the time of the accident and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, was and still is a Domestic Corporation duly authorized to do business in the State of New York.

5. That at the time of the accident and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, was and still is a Foreign Corporation duly authorized to do business in the State of New York.

6. That at the time of the commencement of this action, Defendant, **DOLLAR TREE STORES, INC.**, was and still is a Domestic Limited Liability Company duly organized

and existing under and by virtue of the laws of the State of New York.

7. That at the time of the commencement of this action, Defendant, **DOLLAR TREE STORES, INC.**, was and still is a Partnership duly organized and existing under and by virtue of the laws of the State of New York.

8. That at the time of the accident and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, maintained a principal place of business in the County of Bronx, City and State of New York.

9. That on or before April 15, 2020, and at all times herein mentioned, Defendant **DOLLAR TREE STORES, INC.**, owned the premises located at 1750 East Gun Hill Road (hereinafter referred to as the "subject premises"), in the County of Bronx, City and State of New York.

10. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, leased the subject premises.

11. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, managed the subject premises.

12. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, operated the subject premises.

13. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, maintained the subject premises.

14. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, controlled the subject premises.

15. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, repaired the subject premises.

16. That on or before April 15, 2020, and at all times hereinafter mentioned, the Defendant **DOLLAR TREE STORES, INC.**, inspected the subject premises.

17. That on or before April 15, 2020, and at all times hereinafter mentioned it was the duty of defendant, **DOLLAR TREE STORES, INC.**, to maintain the subject premises in a reasonably safe condition.

18. That on and/or before April 15, 2020, there was a dangerous and hazardous condition at the subject premises.

19. That on April 15, 2020, Plaintiff **INES VALENTIN** was lawfully at the aforesaid premises.

20. That on April 15, 2020, while Plaintiff **INES VALENTIN** was lawfully at the aforesaid location, Plaintiff was caused to slip and fall and to sustain severe and permanent injuries by reason of the negligence of Defendant, **DOLLAR TREE STORES, INC.**

21. That the above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant, **DOLLAR TREE STORES, INC.**, and/or said Defendant's agents, servants, employees and/or licensees in the operation, management, maintenance, repair and control of the aforesaid premises.

22. That Defendant jointly and/or severally and through its agents, servants, and or employees, were careless, negligent, in their operation, control, care, custody, charge, supervision, management, and maintenance of the aforesaid premises, appurtenances and fixtures thereto; in causing, creating, permitting, and or allowing a dangerous, hazardous, defective, and unsafe condition upon said premises; in failing to undertake proper and/or adequate safety studies and/or surveys; in failing to hire efficient and/or sufficient personnel; in failing to provide plaintiff with reasonably safe condition on subject

FILED: BRONX COUNTY CLERK 12/23/2020 02:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 35640/2020E
RECEIVED NYSCEF: 12/23/2020

premises; in failing to properly operate the aforementioned premises; in causing plaintiff to be injured while she was lawfully at the subject premises; in failing to avoid the aforesaid accident which was foreseeable; and the Defendant was otherwise reckless, careless and negligent.

23. That no negligence on the part of the Plaintiff, **INES VALENTIN**, contributed to the occurrence alleged herein in any manner whatsoever.

24. That as a result of the foregoing, Plaintiff, **INES VALENTIN**, was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

25. That by reason of the foregoing, Plaintiff, **INES VALENTIN**, was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

FILED: BRONX COUNTY CLERK 12/23/2020 02:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 35640/2020E
RECEIVED NYSCEF: 12/23/2020

WHEREFORE, Plaintiff, **INES VALENTIN**, demands judgment against the Defendants in a substantial amount to be determined by the Supreme Court of the State of New York which amount exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction thereof and for such other and further relief as this Honorable Court deems just and proper.

Dated: Brooklyn, New York
December 23, 2020

*[signature]*

ROBERT L. ROSE, ESQ.
**FREKHTMAN & ASSOCIATES**
*Attorneys for Plaintiff*
*INES VALENTIN*
60 Bay 26th Street,
Brooklyn, New York 11214
Phone No.: (718)-331-7700
Fax: (718) 232-7967

FILED: BRONX COUNTY CLERK 12/23/2020 02:14 PM
NYSCEF DOC. NO. 1

INDEX NO. 35640/2020E
RECEIVED NYSCEF: 12/23/2020

## Attorney's Verification

Robert L. Rose, an attorney duly admitted to practice law in the State of New York and associated with Frekhtman & Associates, attorneys for Plaintiff herein, and that I have read the foregoing Summons and Complaint and that the contents thereof, are true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes them to be true.

The source of deponent's knowledge is based upon a review of the litigation file maintained in the office. This verification is made by the deponent rather than by the plaintiff due to the COVID-19 pandemic. A verification made by the plaintiff will be filed upon its availability.

Dated: Brooklyn, New York
December 23, 2020

*Robert Rose*

Robert L. Rose, Esq.