```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
INES VALENTIN,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :           21-CV-8086 (VSB)
              -against-                                     :
                                                            :           ORDER OF REMAND
                                                            :
DOLLAR TREE STORES, INC.,                                   :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      The Complaint in this personal injury action was filed in the Supreme Court of the State of New York, County of Bronx, on December 23, 2020.  (Doc. 1.)  Defendant removed the case to this Court on April 23, 2021.  (*Id*.)  On July 8, 2021, District Judge Mary Kay Vyskocil remanded the action, *sua sponte*, to state court for lack of subject matter jurisdiction due to Defendant's failure to demonstrate the required amount in controversy.  (Doc. 9-2.)  Defendant filed an answer in state court on September 7, 2021.  (Doc. 1.)  On September 29, 2021, Defendant removed this case from state court a second time.  (*Id*.)  In the notice of removal, Defendant stated that Plaintiff's counsel made a verbal settlement demand of $650,000 and Defendant requested written confirmation of the demand, but never received it.  (*Id*. at 2.)  Defendant asserted that the sum in controversy "is in excess of $75,000."  (*Id*.)  On December 1, 2021, Plaintiff submitted a letter requesting that I remand the case back to state court for Defendant's failure to file the notice of removal in state court or otherwise notify Plaintiff that Defendant had removed the action a second time and for failure to demonstrate the required amount in controversy.  (Doc. 9.)

      On December 13, 2021, I held a status conference in the matter.  At the conference,

Defense counsel stated that he mailed a copy of the second notice of removal to Plaintiff's counsel on September 29, 2021 after he removed the action to federal court. However, Defense counsel stated that he did not file the notice of removal in state court until the morning of December 13, 2021. The parties also discussed the amount in controversy at this conference. The parties consented to remand the action based on the jurisdictional amount in controversy.

The removing party bears the burden of establishing jurisdiction. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Grimo v. Blue Cross/Blue Shield*, 34 F.3d 148, 151 (2d Cir. 1994). When a case is removed from state court based on federal diversity jurisdiction, the removing party must establish that the amount in controversy exceeds the $75,000 jurisdictional threshold required under 28 U.S.C. § 1332(a). *Cavaleri v. Amgen Inc.*, 20-CV-1762 (PKC) (RML), 2021 WL 878555, at *2 (E.D.N.Y. Mar. 8, 2021) (citing *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273–74 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961)). Under 28 U.S.C. § 1447(c), the district court shall remand the case whenever "the district court lacks subject matter jurisdiction." *See LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994).

The parties in this case consented to remand the action to state court based on the jurisdictional amount in controversy. Accordingly, IT IS HEREBY ORDERED that this action be REMANDED to New York State Supreme Court, County of Bronx. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:     December 29, 2021
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge